IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Darron M. Cary,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:16cv1173 (TSE/IDD) |
| | )<br>) |
| Harold W. Clarke,<br>    Respondent. | )<br>) |

MEMORANDUM OPINION

Darron M. Cary, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of second degree murder following a jury trial in the Virginia Beach Circuit Court. Petitioner has applied to proceed in forma pauperis in the action. By an Order dated September 23, 2016, petitioner was informed that his claims appeared to be time-barred, and that four of the claims additionally are procedurally defaulted. Petitioner was allowed thirty (30) days within which to show cause why the petition should not be dismissed as barred by the statute of limitations, and why claims 4 through 8 should not be barred as procedurally defaulted in the alternative. (Dkt. No. 5). On October 18, 2016, petitioner filed a response, captioned as an Amended Petition. (Dkt. No. 10). After careful consideration, the petition must be dismissed, as time-barred.

I. Analysis

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. §

2244(d)(1)(A)-(D).

In the instant case, petitioner was convicted and sentenced to serve twenty-five (25) years in prison on August 27, 2010. Pet. at 2. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on April 26, 2011. Pet. at 3. Petitioner then appealed to the Supreme Court of Virginia, which denied his petition for appeal on November 16, 2011. Therefore, petitioner's conviction became final on February 14, 2012, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On November 28, 2012, petitioner filed a state habeas petition in the trial court, which dismissed the petition on March 19, 2013, apparently on that holding that it was time-barred.[2] Pet. at 4. Petitioner took no appeal of that result.

On February 9, 2015, petitioner filed a "motion to vacate judgment" in the Supreme Court of Virginia, Case No. CR09-2974. The application was refused, apparently for lack of

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] The date the petition was dismissed was derived from the Case Status and Information website of the Virginia courts.

jurisdiction, on March 15, 2015. On September 7, 2016,[3] petitioner filed the instant federal petition in the United States District Court for the Western District of Virginia, which transferred the matter to this district pursuant to 28 U.S.C. §§ 1404(a) and 2241 (d) on September 16, 2016. (Dkt. No. 3-4)

Between February 14, 2012, the date petitioner's conviction became final, and November 28, 2012, the date petitioner filed his state habeas petition, 286 days passed. Between March 19, 2013, the date petitioner's state habeas petition was denied by the trial court, and February 9, 2015, the date petitioner filed his "motion to vacate" in Supreme Court of Virginia, an additional 691 days passed. From March 15, 2015, the date the "motion to vacate" was refused, until September 7, 2016, the date this federal petition was filed, and additional 542 days elapsed. When these days are combined they establish that the instant petition was filed 1,154 days beyond the one-year limit.[4] Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In addition, even if the petition had been filed timely, claims 4 through 8 would be

---

[3] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991).

[4] In deference to petitioner's pro se status, the figures reflected here assume without deciding that his two state collateral proceedings acted to toll the limitations period. In point of fact, however, since the first habeas corpus proceeding was dismissed as "time-barred," Pet. at 4, and the "motion to vacate" was denied for "lack of jurisdiction," Pet. at 5, it is likely that neither was "properly filed" and thus would not have had a tolling effect on the limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely under state law).

procedurally barred from federal review. Petitioner acknowledges that those claims have never been raised in the state forum. Pet. at 12. Before bringing a federal habeas petition, a state prisoner is required first to exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To do so, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Here, because petitioner failed to present claims 4 though 8 to the Supreme Court of Virginia, they are unexhausted.

In addition, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Gray v. Netherland, 518 U.S. 152, 161 (1996). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 162. Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Here, then, claims 4 through 8 are simultaneously unexhausted and procedurally defaulted.

In the "Amended Petition" filed in response to the Order of September 23, petitioner makes no argument that is directly responsive to the issue of timeliness; instead, he "ask[s] that his claims 4-8 not be barred from the federal habeas corpus." (Dkt. No. 10 at 1) In connection with that argument, petitioner refers briefly to his "incompetence to the law." Id. Read very liberally, petitioner's statement might be construed as an argument that he is entitled to equitable

tolling of the limitations period on the basis of his pro se status. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test, Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)), and generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (" We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Pursuant to these authorities, petitioner's possible suggestion that he is entitled to equitable tolling because he is a layman at law is without merit. That argument has been

5

uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Further, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, this petition is time-barred from federal consideration, and must be dismissed on that basis. It thus is unnecessary to consider in greater depth petitioner's argument that claims 4 through 8 should not be deemed procedurally defaulted.

## II. Conclusion

For the foregoing reasons, this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this _31st_ day of _October_ 2016.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge